UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X

FAIR HOUSING JUSTICE CENTER, INC.

                                  Plaintiff,

          -against-

JDS DEVELOPMENT LLC;
616 FIRST AVENUE LLC; 202 8th LLC;
SHOP ARCHITECTS LLP;
PROPERTY MARKETS GROUP, INC.;
WERBER MANAGEMENT, INC.; and
202 PARK SLOPE LLC,

                                Defendants.

Case No.: 1:19-cv-1171 (AT)(GWG)

---------------------------------------------------------------- X

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT PROPERTY MARKETS GROUP, INC.'S MOTION TO DISMISS THE AMENDED COMPLAINT

**GORDON REES SCULLY MANSUKHANI, LLP**
ATTORNEYS FOR DEFENDANTS
1 BATTERY PARK PLAZA, 28TH FLOOR
NEW YORK, NEW YORK 10004
PHONE: (212) 269-5500
FAX: (212) 269-5505

# **TABLE OF CONTENTS**

                                                                                **Page**

I.    PRELIMINARY STATEMENT ....................................................................................... 1

II.   FACTUAL BACKGROUND ........................................................................................... 2

III.  ARGUMENT .................................................................................................................... 4

        A.    STANDARD OF REVIEW ................................................................................ 4

        B.    PLAINTIFF'S CLAIM UNDER THE FHA IS TIME-BARRED .......................... 4

        C.    THE DISCOVERY RULE DOES NOT EXTEND PLAINTIFF'S TIME
               TO FILE THIS ACTION .................................................................................... 6

        D.    THE CONTINUING VIOLATION DOCTRINE DOES NOT EXTEND
               PLAINTIFF'S TIME TO BRING THIS ACTION ............................................... 7

        E.    PMG IS NOT ENGAGED IN A CONTINUOUS POLICY OR
               PRACTICE BASED ON INVOLVEMENT WITH OTHER
               PROPERTIES ..................................................................................................... 10

        F.    PLAINTIFF'S CLAIMS UNDER THE NYSHRL AND NYCHRL ARE
               TIME BARRED ................................................................................................... 11

IV.  CONCLUSION ................................................................................................................ 12

# TABLE OF AUTHORITIES

Page

**Cases**

*A.Q.C. ex rel. Castillo v. United States*,
   656 F.3d 135 (2d Cir. 2011) .................................................................................................. 6

*Alliance for Disabled In Action, Inc. v. Renaissance Enterprises, Inc.*,
   371 N.J. Super. 409 (App. Div. 2004) ................................................................................... 9

*Ashcroft v. Iqbal*,
   556 U.S. 662, 129 S. Ct. 1937 (2009) .................................................................................... 4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544, 127 S. Ct. 1955 (2007) .................................................................................... 4

*Cashman v. Monte Fiore Medical Ctr.*,
   Case No. 92 civ. 4551 (PKL), 1993 U.S. Dist. LEXIS 8395 (S.D.N.Y. June 21, 1993) ............ 4

*Clement v. United Homes, LLC*,
   914 F. Supp.2d 362 (E.D.N.Y. 2012) ..................................................................................... 6

*Contrera v. Langer*,
   290 F. Supp. 3d 269 (S.D.N.Y. 2018) .................................................................................... 4

*Croci v. Town of Haverstraw*,
   175 F. Supp. 3d 373 (S.D.N.Y. 2016) .................................................................................... 4

*E. Paralyzed Veterans Ass'n v. Lazaraus-Berman Assocs.*,
   133 F. Supp. 2d 203 (E.D.N.Y. 2001) ............................................................................ 7, 8, 9

*Ellul v. Congregation of Christian Bros.*,
   774 F.3d 791 (2d Cir. 2014) .................................................................................................. 4

*Fagundes v. Charter Builders, Inc.*,
   Case No. C-07-1111-JF, 2007 U.S. Dist. LEXIS 56044 (N.D. Cal. Jul. 20, 2007) ................... 8

*Fair Hous. Council, Inc. v. Vill. of Olde St. Andrews*,
   210 Fed. Appx. 469 (6th Cir. 2006) ........................................................................... 5, 6, 8, 10

*Favourite v. 55 Halley St., Inc.*,
   Case No. 16-cv-4285 (NSR), 2019 U.S. Dist. LEXIS 87238 (S.D.N.Y. May 23, 2019) ........... 9

*Fitzgerald v. Henderson*,
   251 F.3d 345 (2d Cir.2001) ................................................................................................. 11

*Garcia v. Brockway*,
  526 F.3d 456 (9th Cir. 2008) ................................................................................... 5, 6, 8

*Havens v. Coleman*,
  455 U.S. 363 (1982) ............................................................................................................ 9

*Klein v. City of New York*,
  Case No. 10 Civ. 9568 (PAE) (JLC), 2011 U.S. Dist. LEXIS 125375 (S.D.N.Y. Oct.
  28, 2011) ................................................................................................................... 11

*Kramer v. Time Warner Inc.*,
  937 F.2d 767 (2d Cir. 1991) ............................................................................................ 4

*Kuchmas v. Towson Univ.*,
  553 F.Supp. 2d 556 (D. Md. 2008) ............................................................................... 9

*Lloyd v. WABC-TV*,
  879 F. Supp. 394 (S.D.N.Y. 1995) ................................................................................ 9

*Moseke v. Miller and Smith, Inc.*,
  202 F.Supp.2d 492 (ED. Va. 2002) .......................................................................... 8, 9

*Saint-Jean v. Emigrant Mortg. Co.*,
  Case No.  11-CV-2122 (SJ)(JO), 2014 U.S. Dist. LEXIS 136563
  (E.D.N.Y. March 31, 2014) ........................................................................................ 11

*Sotomayor v. City of New York*,
  862 F. Supp. 2d 226 (E.D.N.Y. 2012) ....................................................................... 11

*United States v. Taigen & Sons, Inc.*,
  303 F.Supp.2d 1129 (D. Idaho 2003) ........................................................................... 9

**Statutes**

42 U.S.C. § 3613 ............................................................................................................. 4, 5

**Rules**

FRCP 12 .............................................................................................................................. 4

**I. PRELIMINARY STATEMENT**

Plaintiff Fair Housing Justice Center, Inc. ("FHJC") brings this action against Defendants Property Markets Group, Inc. ("PMG" or "Moving Defendant"), JDS Development, LLC ("JDS"), SHoP Architects LLP ("Shop Architects"), 616 First Avenue, LLC ("616 First"), 202 8th LLC ("202 8th"), 202 Park Slope, LLC ("202 Park") and Werber Management Inc. ("Werber") (collectively "Defendants"), alleging violations of the Fair Housing Act ("FHA"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"), in connection with the design and construction of two residential complexes, the "American Copper Buildings" at 626 1st Avenue, New York, NY ("American Copper Buildings") and 202 Eighth Street, Park Slope, Brooklyn ("202 8th Street"). As set forth herein, Plaintiff's claims against Moving Defendant are time-barred and, accordingly, must be dismissed.

Although the Amended Complaint sets forth claims arising from the design and construction of the American Copper Buildings and 202 8th Street, it is undisputed that PMG had no involvement in the design or construction of the American Copper Buildings. Plaintiff's claims against PMG, therefore, arise solely out of the design and construction of 202 8th Street.

Specifically, Plaintiff claims that PMG developed 202 8th Street in partnership with JDS and was involved in the design and/or construction of the individual apartments and common areas at 202 8th Street. FHJC contends that it conducted an inspection of 202 8th Street that revealed certain common areas and apartments failed to satisfy the standards set forth in the FHA and that, as a result, Defendants have discriminated against individuals with disabilities in violation of the FHA, NYSHRL, and NYCHRL.[1]

---

[1] For purposes of the instant motion to dismiss only, all facts set forth in the Amended Complaint are presumed to be true. Defendants reserve the right to contest the facts set forth in the Amended Complaint as this litigation proceeds, including the contention that PMG participated in either the design or construction of 202 8th Street.

1

Plaintiff's claims against PMG are time-barred by the FHA's two-year statute of limitations, which runs from the time the final certificate of occupancy is issued or the last inaccessible housing unit is sold. Here, the last unit in 202 8th Street was sold in September 2013 and the final certificate of occupancy for 202 8th Street was issued on December 11, 2013, more than five years prior to the initiation of this action. As a result, Plaintiff's claims against PMG are untimely and must be dismissed.

Similarly, Plaintiff's claims against PMG under the NYSHRL and NYCHRL, each of which carries a three-year statute of limitations, are also untimely, as PMG's involvement with 202 8th Street ceased in September 2013, more than five years prior to this action. Accordingly, Plaintiff's claims against PMG arising under the NYSHRL and NYCHRL must similarly be dismissed.

For the reasons set forth herein, Plaintiff's claims against PMG arising out of its alleged involvement in the design and/or construction of 202 8th Street are barred by the applicable statutes of limitations and must be dismissed.

## II. FACTUAL BACKGROUND

As set forth in the Amended Complaint, JDS is a limited liability company that owns and developed the American Copper Buildings and developed and constructed 202 8th Street. *See* Amended Complaint ¶ 14.

According to the Amended Complaint, Defendant PMG is a New York corporation that has worked with JDS to develop properties, including 202 8th Street. *See* Amended Complaint ¶ 18. 202 8th Street opened for occupancy in 2011. *See* Amended Complaint ¶ 41.

Plaintiff, a non-profit organization incorporated in New York, asserts that it is "dedicated to ensuring that all people have equal access to housing opportunities in the New York region by eliminating housing discrimination … ." *See* Amended Complaint ¶ 13. As part of its work, FHJC

2

conducts testing and other investigations of housing discrimination. *See* Amended Complaint ¶ 27. In order to test a building's potential accessibility issues, FHJC uses "testers" who are dispatched to the buildings in question to pose as prospective renters or purchasers in order to obtain relevant information about the dwelling. *See* Amended Complaint ¶ 28.

Plaintiff contends that it conducted investigations of the American Copper Buildings and 202 8th Street. *See* Amended Complaint ¶¶ 33, 35, 42. In assessing the American Copper Buildings, Plaintiff's testers allegedly observed the following violations: (a) mailboxes were located at inaccessible heights; (b) entrances to dwellings were too narrow; (c) entrances to bathrooms were too narrow; (d) doorways/openings into the bedrooms in apartments were too narrow; (e) there was a step down into the bathrooms in individual apartments; and (f) environmental controls were in inaccessible positions. *See* Amended Complaint ¶ 36.

In assessing 202 8th Street, Plaintiff's testers allegedly observed the following violations: (a) the main entrance door was extremely heavy and could not be opened automatically; (b) mailboxes were obstructed by a shelf under the lowest mailbox and the highest mailbox was located at inaccessible heights; (c) interior doorways to bathrooms and bedrooms were too narrow; (d) the walk-in closet doorway in at least one apartment was too narrow; (e) the terrace in at least one apartment had a high threshold; (f) environmental controls were in inaccessible positions; (g) in at least one apartment there was insufficient room in the galley kitchen; and (h) the bathrooms lacked clear floor space. *See* Amended Complaint ¶ 43.

202 8th Street was sold in September 2013 to co-defendant Werber. *See* Deed of Sale annexed hereto as "Exhibit A."[2] PMG has had no involvement with the building since that time and there is no allegation in the Amended Complaint to the contrary.

### III. ARGUMENT

#### A. STANDARD OF REVIEW

The court's function on a motion to dismiss under FRCP 12(b)(6) is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Cashman v. Monte Fiore Medical Ctr.*, Case No. 92 civ. 4551 (PKL), 1993 U.S. Dist. LEXIS 8395, *13 (S.D.N.Y. June 21, 1993). In order to withstand a motion to dismiss for failure to state a claim under F.R.C.P. 12 (b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)).

In cases where a motion to dismiss pursuant to FRCP 12(b)(6) is based on a statute of limitations argument, the courts hold that the lapse of a limitations period serves as an affirmative defense and, at the motion to dismiss stage, a claim will be dismissed where "the defense appears on the face of the complaint." *Contrera v. Langer*, 290 F. Supp. 3d 269, 277 (S.D.N.Y. 2018) (quoting *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014)).

#### B. PLAINTIFF'S CLAIM UNDER THE FHA IS TIME-BARRED

Under the FHA, design and construction claims are subject to a two-year statute of limitations. *See* 42 U.S.C. § 3613(a)(1)(A). Specifically, an aggrieved party may commence a

---

[2] The Deed for Sale for 202 8th Street is required to be filed by law and is publicly available. As such, the Court may take judicial notice of the Deed. *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991); *Croci v. Town of Haverstraw*, 175 F. Supp. 3d 373, 381 (S.D.N.Y. 2016).

4

civil action "not later than two years after the occurrence or the termination of an alleged discriminatory housing practice." *Id*.

PMG acknowledges that the Second Circuit has not addressed the issue of when the two-year limitations period begins to run. Courts in other jurisdictions, however, have determined that an FHA claim arising out of the design or construction of a building accrues – and the limitations period commences – when the final certificate of occupancy is issued or when the final allegedly inaccessible unit is sold. *See Garcia v. Brockway*, 526 F.3d 456 (9th Cir. 2008) (holding, in design and construction case under the FHA, that limitations period began to run on the date the final certificate of occupancy was issued); *see also Fair Hous. Council, Inc. v. Vill. of Olde St. Andrews*, 210 Fed. Appx. 469, 481 (6th Cir. 2006) (holding that the continuing violation doctrine applied *only* while some act pertaining to design and construction was being performed and that sale of the final unit triggered the two-year statute of limitations period).

As the courts in *Garcia* and *Fair Hous. Council*, *supra*, held, courts must not ignore the statute of limitations in order to help an aggrieved party who suffers from the effects of design and/or construction violations years or even decades after the construction and sale of a dwelling. *See Garcia,* 526 F.3d at 4. To hold otherwise would be to extend the statute of limitations indefinitely and would, in effect, render the statute of limitations meaningless. The plain text of the FHA, which explicitly contains a two-year statute of limitations, should not be interpreted in a manner that renders the limitations period illusory. Moreover, here, the aggrieved party is not without remedy, because Plaintiff may advance failure to accommodate claims against the current owner of the property.

In the instant matter, 202 8th Street opened for occupancy in 2011. In September 2013, the building was sold to Werber, and in December 2013, the final certificate of occupancy for the

5

building at 202 8th Street was issued. Plaintiff initiated this action on February 7, 2019, more than five years after the final certificate of occupancy was issued. Therefore, under either of the tests set forth in *Garcia* and *Fair Hous. Council*, *supra*, Plaintiff's claim is barred by the applicable statute of limitations and Plaintiff's claims must be dismissed.

### C.  THE DISCOVERY RULE DOES NOT EXTEND PLAINTIFF'S TIME TO FILE THIS ACTION

Claims under the FHA are, where appropriate, subject to the discovery rule, which holds that a claim accrues when a "plaintiff knows or has reason to know of the injury that serves as the basis for the action." *Clement v. United Homes, LLC*, 914 F. Supp.2d 362 (E.D.N.Y. 2012). To avail itself of the "discovery rule,",however, Plaintiff must demonstrate that it "would reasonably have had difficulty discerning the fact or cause of injury at the time it was inflicted." *See A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 139-40 (2d Cir. 2011).

Here, Plaintiff alleges that, since 2005, its mission "has been to eliminate housing discrimination, promote open, accessible, and inclusive communities, and strengthen enforcement of the fair housing laws." *See* Amended Complaint ¶ 28. Moreover, Plaintiff claims that its efforts in furtherance of its mission include, *inter alia*, "conducting testing and other investigations of allegations of housing discrimination." *See* Amended Complaint ¶ 29. Finally, according to the Amended Complaint, it took only one visit to the property for FHJC testers to observe numerous alleged violations of the FHA. Indeed, one of the alleged violations existed at the front door of the building. *See* Amended Complaint ¶ 43.

It is unquestionable that Plaintiff had access to the property at 202 8th Street and could have discerned the cause of injury at the time it was inflicted, simply, as Plaintiff contends, by walking up to the front door. Plaintiff makes no argument that it was denied access to 202 8th Street or that, even with access, it was unable to investigate and discern the cause of any injury. In fact, it is

6

clear that with reasonable diligence, Plaintiff could have discovered the alleged injury long before August 2018, when it first dispatched testers to the building.

Plaintiff, therefore, cannot avail itself of the discovery rule in order to extend its time to bring this action against PMG. As the statute of limitations on Plaintiff's claims against PMG ran several years prior to the initiation of this action, Plaintiff's claims against PMG must be dismissed.

### D. THE CONTINUING VIOLATION DOCTRINE DOES NOT EXTEND PLAINTIFF'S TIME TO BRING THIS ACTION

Plaintiff, in its letter to the Court opposing PMG's request for leave to file the instant motion to dismiss (Dkt. No. 68), argued that this Court should follow the U.S. District Court for the Eastern District of New York's decision in *E. Paralyzed Veterans Ass'n v. Lazaraus-Berman Assocs.*, wherein the court, after finding the claims were based on an ongoing policy as opposed to a discrete incident, applied the continuing violations doctrine to toll the limitations period for FHA claims based on alleged design and construction defects. *See E. Paralyzed Veterans Ass'n v. Lazaraus-Berman Assocs.*, 133 F. Supp. 2d 203 (E.D.N.Y. 2001).

*E. Paralyzed Veterans* is clearly distinguishable from the instant case. While certain of the violations alleged in *E. Paralyzed Veterans* were similar to those alleged by Plaintiff in the instant matter, including narrow doorways and environmental controls placed at heights in excess of those permissible under the FHA, the building at issue in *E. Paralyzed Veterans* was alleged to have actively and intentionally maintained an ongoing policy and practice of refusing to provide accessible housing. *Id.* For example, Plaintiff in that case alleged that the building's sales office informed a potential buyer that "there were no accessible apartments for persons with disabilities, and that the development was for active seniors only." *E. Paralyzed Veterans Ass'n,* 133 F. Supp. 2d at 207. In light of this ongoing discriminatory policy, the court held that the continuing violation doctrine would apply to extend Plaintiff's time to bring a claim.

7

In the instant matter, PMG's alleged violations of the FHA arose out of a discrete incident occurring during the design and/or construction of 202 8th Street. *See* Amended Complaint ¶ 43. Plaintiff does not allege, as in *E. Paralyzed Veterans*, *supra*, an ongoing pattern or practice demonstrating any intent to discriminate against disabled individuals in the sale or rental of housing. In fact, Plaintiff does not allege that PMG had any involvement with 202 8th Street following the sale of the building in September 2013. PMG simply had no control to change or address any of the issues set forth in the Amended Complaint. Plaintiff cannot make out a credible argument that PMG is liable for a "continuing violation" at a building with which it had no dealings for over five years prior to this action.

Moreover, even if this Court believes that the decision in *E. Paralyzed Veterans, supra*, may be relevant to the instant mater, courts in other jurisdictions have routinely and resoundingly rejected that decision, determining that the continuing violation doctrine should not apply to design and construction claims arising under the FHA. *See Fair Hous. Council, Inc.,* 210 Fed. Appx. at 480 (expressly rejecting the determination in *E. Paralyzed Veterans* and finding that the limitations period under the FHA runs with the sale or rental of the unit in question); *Moseke v. Miller and Smith, Inc.*, 202 F.Supp.2d 492, 508-09 (ED. Va. 2002) (concluding that a determination that a non-compliant building constitutes a continuing violation directly conflicts with the plain language of the FHA); *Fagundes v. Charter Builders, Inc.*, Case No. C-07-1111-JF, 2007 U.S. Dist. LEXIS 56044, at *14 (N.D. Cal. Jul. 20, 2007) (concluding that the continuing harm doctrine does not apply in the construction context, as the alleged harm was completed at the time of construction or sale); *Garcia v. Brockway*, 526 F.3d at 463 (concluding that the continuing violation doctrine does not apply to a "failure to properly design and construct" because that constitutes a "single instance of unlawful conduct"); *United States v. Taigen & Sons, Inc.*, 303 F.Supp.2d 1129 (D.

Idaho 2003) (finding that the continuing violation doctrine is inapplicable for purposes of a design and construction case); *Alliance for Disabled In Action, Inc. v. Renaissance Enterprises, Inc.*, 371 N.J. Super. 409, 422-423 (App. Div. 2004) (distinguishing between a continuing effect and a continuing violation in expressly rejecting the decision in *E. Paralyzed Veterans*); *Kuchmas v. Towson Univ.*, 553 F.Supp. 2d 556 (D. Md. 2008) (finding that the statute of limitations in a design and construction claim under FHA began to run at time of sale or rental of inaccessible unit).

As noted above, courts across the country routinely have refused to follow *E. Paralyzed Veterans*, noting that the court's decision was based on the erroneous application of the holding in *Havens v. Coleman*, 455 U.S. 363 (1982), a racial discrimination case, as well as the court's failure to conduct a statutory construction analysis of the FHA.[3]  *See Moseke*, 202 F. Supp. 2d at 508. Rather, the overwhelming majority of courts that have addressed the issue have refused to apply the continuing violation doctrine to design and construction claims under the FHA.  The arguments espoused in these cases, particularly when combined with the fact that the continuing violations doctrine has historically been disfavored in this Circuit and has been applied only where compelling circumstances exist, are far more persuasive than the argument Plaintiff raises in favor of the application of the continuing violations doctrine to this matter. *See Lloyd v. WABC-TV*, 879 F. Supp. 394, 399 (S.D.N.Y. 1995); *see also Favourite v. 55 Halley St., Inc.*, Case No. 16-cv-4285 (NSR), 2019 U.S. Dist. LEXIS 87238 at * 17-18 (S.D.N.Y. May 23, 2019).

Plaintiff's Amended Complaint fails to set forth compelling circumstances that would justify application of the continuing violation doctrine in this matter, especially in light of the great

---

[3] In *Havens*, defendants were alleged to have committed continuing acts violating the FHA, whereas here, defendants are alleged to have committed a single violation that occurred outside the limitations period. *See Havens v. Coleman*, 455 U.S. 363, 380 (1982).

9

weight of case law disfavoring application of the continuing violation doctrine to design and construction claims under the FHA. Accordingly, the continuing violation doctrine should not be applied and Plaintiff's time to file the instant claim should not be extended.

### E. PMG IS NOT ENGAGED IN A CONTINUOUS POLICY OR PRACTICE BASED ON INVOLVEMENT WITH OTHER PROPERTIES

Plaintiff, in the Amended Complaint and in its letter in opposition to PMG's letter requesting leave to file the instant motion to dismiss (Dkt. No. 68), contends that PMG is currently engaged with JDS on a building being erected at 111 W. 57th Street and, by virtue of its involvement with that building, PMG is engaged in a continuous policy or practice of discrimination. *See* Amended Complaint ¶ 49; *see also* Dkt. No. 68.

This argument is unavailing. Courts in other jurisdictions have held that if a plaintiff can demonstrate that the owner of several developments engaged in a continuous policy or practice regarding noncompliant design and/or construction, the continuing violation may toll the limitations period until the last unit of any relevant development is sold. *See Fair Hous. Council*, Inc., 210 Fed. Appx. at 481. Even if this Court were to adopt that approach, it has no application to this case. Plaintiff alleges that PMG participated in the design and/or construction of noncompliant housing at 202 8th Street *approximately eight years ago*. There are no allegations that from 2011 through 2019 PMG engaged in any policy or practice regarding non-compliant design and/or construction of dwellings. Moreover, there is no credible allegation that any of PMG's current projects, including the dwelling at 111 W. 57th Street, violate the FHA in any manner. Plaintiff's claim in this regard is pure speculation and conjecture that is insufficient to require the denial of the instant motion to dismiss.

F. **PLAINTIFF'S CLAIMS UNDER THE NYSHRL AND NYCHRL ARE TIME-BARRED**

Claims alleging discrimination under the NYSHRL and NYCHRL are subject to a three-year statute of limitations. *See Klein v. City of New York*, Case No. 10 Civ. 9568 (PAE) (JLC), 2011 U.S. Dist. LEXIS 125375, *1 (S.D.N.Y. Oct. 28, 2011).

As detailed above, PMG's involvement with 202 8th Street ceased in 2013. To the extent Plaintiff contends that PMG violated the NYSHRL and NYCHRL by failing to design and/or construct 202 8th Street in a manner that complies with the FHA, PMG's allegedly discriminatory conduct could not have extended beyond 2013, when PMG's involvement with 202 8th Street ceased. As Plaintiff filed its initial Complaint in February 2019, more than five years after PMG's involvement with 202 8th Street came to an end, Plaintiff's claims against PMG under the NYSHRL and NYCHRL are time-barred and must be dismissed.[4]

As with Plaintiff's claims under the FHA, there is no basis for applying the continuing violation doctrine to Plaintiff's claims under the NYSHRL or NYCHRL. Under the broader NYCHRL, "[o]therwise time-barred discrete acts can be considered timely 'where specific and related instances of discrimination are permitted … to continue un-remedied for so long as to amount to a discriminatory policy or practice.'" *Sotomayor v. City of New York*, 862 F. Supp. 2d 226, 250 (E.D.N.Y. 2012) (quoting *Fitzgerald v. Henderson*, 251 F.3d 345, 359 (2d Cir.2001)). However, a "continuing violation may not be established merely because the plaintiff continues to feel the effects of a time-barred ... act." *Sotomayor v. City of New York*, 862 F. Supp. 2d at 250.

---

[4] To the extent Plaintiff argues that the "discovery rule" should apply to delay the running of the limitations period, PMG notes that the "discovery rule" is inapplicable to claims under New York City and State law. See *Saint-Jean v. Emigrant Mortg. Co.*, Case No. 11-CV-2122 (SJ)(JO), 2014 U.S. Dist. LEXIS 136563 at *40 (E.D.N.Y. March 31, 2014).

11

Here, PMG is alleged to have committed a single act in the design or construction of 202 8th Street that violated the NYSHRL and NYCHRL. There is no basis for claiming that PMG permitted discrimination to continue un-remedied for such a period that it amounted to a discriminatory policy or practice. Rather, in 2013, when the sale of the final unit in 202 8th Street was completed, PMG's involvement in the building ceased. Plaintiff sets forth no allegation that PMG took any further action that would justify the application of the continuing violation theory or would suggest that PMG engaged in ongoing acts of discrimination. Rather, Plaintiff alleges only that it continues to feel the effects of an isolated action PMG allegedly took more than five years ago, an action for which claims under the NYSHRL and NYCHRL are time-barred. Accordingly, Plaintiff's claims under the NYSHRL and NYCHRL are time-barred and must be dismissed.

## IV. CONCLUSION

For all the foregoing reasons, Defendant PMG respectfully requests that the Court dismiss Plaintiff's Amended Complaint with respect to Moving Defendant, and grant such other and further relief that this Court deems just and proper.

Dated: New York, New York
July 3, 2019

Respectfully Submitted,

GORDON REES SCULLY
MANSUKHANI LLP

By: /s/ *Jeffrey A. Camhi*
Mercedes Colwin
Christopher A. Seacord
Jeffrey A. Camhi
1 Battery Park Plaza, 28th Floor
New York, NY 10004
Tel: (212) 269-5500
Fax: (212) 269-5505
Email: mcolwin@grsm.com

12

cseacord@grsm.com
jcamhi@grsm.com

*Attorneys for Defendant PMG*