# Cuti Hecker Wang llp

305 Broadway, Suite 607
New York, NY 10007

Alice Reiter
212.620.2604 tel
212.620.2614 fax

areiter@chwllp.com

June 2, 2020

**<u>BY ECF</u>**

The Hon. Gabriel W. Gorenstein
United States Magistrate Judge
District Court for the
  Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Fair Housing Justice Center, Inc. v. JDS Development LLC, et al.*,
             Index No. 19 Civ. 1171 (AT)(GWG)

Dear Judge Gorenstein:

      This firm represents Plaintiff Fair Housing Justice Center, Inc. in the above-referenced action. We write pursuant to Rule 2A of Your Honor's Individual Practices to request a pre-motion conference in connection with Plaintiff's discovery dispute with Defendant Property Market Groups, Inc. ("PMG"). We respectfully submit that, as shown below, PMG's refusal to engage in discovery is wholly baseless and, unfortunately, requires judicial intervention.

<u>Background</u>

      This case arises under the design and contruction provisions of the Fair Housing Act Amendments, 42 U.S.C. § 3604, which render it unlawful to design or construct new residential housing units that fail to comply with applicable accessibility standards. This litigation focuses on two projects: the American Copper Buildings in Manhattan and 202 8th Street in Brooklyn ("202 8th Street"). This motion focuses solely on 202 8th Street.

      PMG is a real estate developer. During the relevant period, PMG's principals were Kevin Maloney and Elliott Joseph. In the course of our pre-filing investigation of Plaintiff's claims, we became aware of PMG's significant involvement in developing 202 8th Street, including the fact that PMG advertised on its website that developing 202 8th Street was among its accomplishments. Plaintiff therefore named PMG as a Defendant in this case.

<u>PMG's Wholesale Refusal to Participate in Discovery</u>

      Rather than answering, PMG opted to move to dismiss the claims against it on statute of limitations grounds. PMG filed its motion to dismiss on July 3, 2019 (Dkt. No. 100). Judge Torres denied PMG's motion on March 9, 2020 (Dkt. No. 144).

The law is clear, of course, that a defendant may not refuse to participate in discovery without a judicial stay and that no stay is automatically created by the filing of a motion to dismiss. *See*, *e.g.*, *Mirra v. Jordan*, No. 15 Civ. 4100 (ATK) (NF), 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016); *Moran v. Flaherty*, No. 92 Civ. 3200 (PKL), 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992). PMG nevertheless ignored Plaintiff's discovery demands, which Plaintiff served on PMG on or about May 3, 2019. Nor did PMG serve initial disclosures as required by Rule 26(a). We followed up repeatedly with counsel for PMG, Christopher Seacord, including by sending a formal deficiency letter on July 8, 2019 warning that if PMG did not promptly serve initial disclosures and cure its failure to respond to Plaintiff's outstanding discovery demands, it will have waived any objections thereto. PMG ignored Plaintiff's letter.

PMG did not serve initial disclosures or responses to Plaintiff's demands until April 10, 2020, approximately eleven months after they were due.

The Current Dispute

PMG has now belatedly produced three documents in response to Plaintiff's discovery requests. Among them is an organization chart showing how the development of 202 8th Street was structured. According to PMG's chart, its two principals at the time, Mr. Maloney and Mr. Joseph, created a special-purpose entity called 202 KPJ Member, LLC ("202 KPJ") to serve as the vehicle for their participation in the development project. That special-purpose entity then partnered with a special-purpose entity created by principals of Defendant JDS Development LLC ("JDS"), and the two PMG-affiliated and JDS-affiliated entities in turn formed another entity that owned and substantially designed and constructed the 202 8th Street property. That jointly-created entity is Defendant 202 8th, LLC ("202 8th").[1] It appears that PMG's principals initially owned a 49% economic interest in the project, and that such economic interest was subsequently increased to 55%. Shortly before the project's completion, PMG's principals and JDS sold 202 8th – once again, the entity that substantially caused the project to be designed and constructed nearly to completion, of which PMG's principals apparently owned 55% of the economics – to its current owner, Defendant Werber Management, Inc.

During discussions following PMG's initial production of three documents, Mr. Seacord took the position that we should withdraw Plaintiff's claims against PMG because we supposedly sued "the wrong entity." According to Mr. Seacord, PMG had "no involvement" in 202 8th Street, which he represented was "not a PMG project." We explained to Mr. Seacord that we named PMG in good faith based in part on the content posted on its own website, and that the only reason we had not learned earlier of the existence of the special-purpose entity (202 KPJ) created by PMG's two principals is that PMG had baselessly ignored its discovery obligations for nearly a year. We observed that Plaintiff still has several months to seek to amend the complaint to name any recently-disclosed entities or persons who were involved in the design and construction of the project within the applicable statute of limitations, which, as Judge Torres held in her March 9, 2020 Opinion and Order, will run on August 29, 2020. We

---

[1] For ease of reference, 202 8th's organizational chart, which PMG produced, is attached hereto as Exhibit A.

further observed that the case law makes clear that a natural person who "is found to have directly participated in the alleged violative activities" may be "held personally liable" for violating the design and construction requirements of the Fair Housing Act. *United States v. Dawn Properties, Inc.*, 2016 WL 9245470, at *4 (S.D. Miss. June 22, 2016). Personal liability against principals is available because "all participants in *the process as a whole* are bound to follow the FHAA." *Baltimore Neighborhoods, Inc. v. Rommel Builders, Inc.*, 3 F. Supp. 2d 661, 665 (D. Md. 1998) (emphasis in original); *see also U.S. v. Taigen & Sons, Inc.*, 303 F. Supp. 2d 1129, 1149 (D. Id. 2003) (personal liability available where a developer "was involved in obtaining financing for the construction and also wrote checks for building permits").

We therefore informed Mr. Seacord that we intended to seek leave to amend the complaint to name 202 KPJ, Mr. Maloney, Mr. Elliott, and/or any other persons or entities shown in forthcoming documents to be sufficiently involved in the project to give rise to liability. We asked Mr. Seacord to consent to such amendment, subject of course to any defenses that any newly-named person or entity may have. Mr. Seacord indicated that PMG likely would not withhold such consent, but that he needed to see a draft amended complaint before he could provide such consent. We agreed that this was a fair request, and told Mr. Seacord that we would wait until all relevant documents had been produced before deciding which additional entities or persons to seek to name. We asked Mr. Seacord to commit to a date certain for completing PMG's document production, observing that PMG had not produced a single email or bank record relating to the project. That conversation took place on May 15, 2020. Mr. Seacord asked for two additional weeks, and promised to complete PMG's production by May 29, 2020. We agreed to that extended deadline.

May 29, 2020 came and went with no contact from Mr. Seacord. When we followed up, Mr. Seacord indicated that he thought the agreed-upon extended deadline was "flexible" (which it would have been had he asked for more time and had even a minimally acceptable reason for needing more time, neither of which happened). Mr. Seacord told us that he was "almost certain that PMG has nothing more to produce in this matter," and that he "hope[d] to get final confirmation from [his] client this week." We told Mr. Seacord that that was unacceptable and demanded a teleconference to meet and confer. That teleconference took place between Mr. Seacord and my colleague, Eric Hecker, yesterday, June 1, 2020, from approximately 6:30 to approximately 6:45 p.m.

During that conversation, Mr. Seacord took the position that documents relating to 202 8th Street – including all of the emails between and among PMG's principals and JDS regarding the design, construction, and/or financing of the project, and including all of the bank records showing the many millions of dollars PMG's principals invested in the project and recouped when it was sold – need not be produced because they supposedly are "not PMG documents." Mr. Hecker pointed out to Mr. Seacord that the question under Rule 34 is not whether a responsive document is a "PMG document" but rather whether it is in PMG's "possession, custody, or control." It is well-established, of course, that "[t]he concept of 'control' has been construed broadly," and that "'control' does not require that the party have legal ownership or actual physical possession of the documents at issue; rather, documents are considered to be under a party's control when that party has the right, authority, or practical

ability to obtain the documents from a non-party to the action." *In re Flag Telecom Holdings, Ltd. Secs. Litig.*, 236 F.R.D. 177, 180 (S.D.N.Y. 2006); *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 146-47 (S.D.N.Y. 1997). "One of the circumstances which warrants a finding of control is where a corporate entity has the ability in the ordinary course of business to obtain documents held by another corporate entity." *SEC v. Credit Bancorp, Ltd.*, 194 F.R.D. 469, 472 (S.D.N.Y. 2009). When Mr. Hecker asked Mr. Seacord where and how the files relating to 202 8th Street were maintained, Mr. Seacord said that he did not know the answer to that question. Mr. Hecker told Mr. Seacord that it was unacceptable that he did not know the answer to that question. Mr. Hecker expressly declared an impasse and informed Mr. Seacord that Plaintiff would promptly seek judicial intervention.

Shortly thereafter, Mr. Hecker sent Mr. Seacord the following by email memorializing their conversation and the existence and nature of the impasse:

> I write to memorialize the conversation we had just now. You took the position that you have no responsive documents to produce because we "only sued PMG" and any responsive documents are according to you "not PMG documents." I observed that the question is not whether the responsive documents are "PMG documents" but rather whether the responsive documents are within the possession, custody, or control of PMG. As I told you during our call, I am very surprised that you are taking the position that documents relating to a transaction effected through a special-purpose entity owned by PMG's principles somehow are not within the possession, custody, or control of PMG, but that clearly is your position. Further, when I asked you where the files relating to this project are maintained, you told me that you do not even know. I therefore declared an impasse pursuant to Judge Gorenstein's rules and told you that we will be seeking leave to move to compel forthwith. To be clear, we demand immediate production of all documents relating to the project, including without limitation all emails and all financial documents, that are within the possession, custody, or control of PMG. If there really are no such documents, so be it; the special purpose entity and its principals – PMG's principals – will be parties soon enough anyway. But we do not accept that there are no such documents, which is why we declared an impasse and will be litigating this issue.

Later yesterday evening, Mr. Seacord responded with an email stating "That is not an accurate recitation of our conversation. Have a good night." Mr. Hecker responded immediately with an email stating: "Yes it is. Please explain what I got wrong. We are submitting our letter in the morning so please correct me now." Mr. Seacord never responded.

With all respect, Mr. Seacord's position is entirely untenable. We could, of course, serve subpoenas on Mr. Maloney, Mr. Elliott, and 202 KPJ, but doing so would be difficult given the ongoing pandemic, and there is no reason why Plaintiff should be put to that burden. Emails and financial documents relating to 202 8th Street plainly are under the

possession, custody, or control of PMG (as evidenced by the fact that PMG produced three documents related to this project from its files). PMG should have produced all such documents a year ago. Having baselessly ignored its discovery obligations without a stay, PMG should not be heard to complain that its principals now need to find and produce the emails they personally sent and received and find and produce the bank documents associated with the special-purpose development entity they personally created and controlled. We respectfully submit that any purported objection or assertions of privilege should be deemed waived, *see Arnold v. Indep. Health Ass'n, Inc.*, No. 17 Civ. 1260, 2019 WL 3955420, at *4 (W.D.N.Y. Aug. 22, 2019) ("Plaintiff's failure to timely respond to [defendant's] discovery demands waives any objection which may have been available to her."); *Labarbera v. Absolute Trucking, Inc.*, No. 08 Civ. 4581, 2009 WL 2496463, at *1 (E.D.N.Y. Aug. 12, 2009) ("It is well established that by failing to respond or object to a discovery request in a timely manner, a party waives any objection which may have been available."); *Rahman v. Smith & Wollensky Rest. Grp., Inc.*, No. 06 Civ. 6198, 2007 WL 1521117, at *2 (S.D.N.Y. May 24, 2007) (noting that the court had ordered before that "defendants' failure to respond to plaintiff's document request, which was served on October 19, within thirty days waived all objections to the request."); *Eldaghar v. City of New York Dep't of Citywide Admin. Servs.*, No. 02 Civ. 9151, 2003 WL 22455224, at *1 (S.D.N.Y. Oct. 28, 2003) ("Since there was an unexcused and unexplained failure to assert objections in a timely manner, I concluded that all of defendant's objections were waived."), and at a minimum, that PMG should be ordered to produce all responsive documents in its possession, custody, or control promptly.

      We regret that involving the Court in this dispute has become necessary, and we thank the Court in advance for its assistance resolving it.

      Respectfully submitted,

      Alice G. Reiter

cc: Counsel of Record (by ECF)

# EXHIBIT A

*January 7, 2013*

# 202 8th Street

*Brooklyn, New York*

*Organizational Structure*



**PMG 000154**

**PROPERTY MARKETS GROUP**