

Reshma Khanna | Partner
Direct 646.292.8765 | rkhanna@goldbergsegalla.com

July 27, 2020

# MEMORANDUM ENDORSED

Hon. Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    **Fair Housing Justice Center, Inc. v. JDS Development LLC et al.,
Index No. 19 Civ. 1171 (AT)(GWG)**

Your Honor:

Goldberg Segalla LLP represents JDS Development LLC, 616 First Avenue LLC, and 202 8th LLC (the "JDS Defendants"). We write pursuant to Your Honor's Individual Practices, Rule 2A, and relating to Plaintiff's letter, Doc. No. 183, requesting a pre-motion conference, and our opposition letter, Doc. No. 187. The JDS Defendants respectfully request that the issues described should be decided based on a formal briefing as (1) Plaintiff has failed to provide case law to support its position, (2) Plaintiff's demands have significant repercussions on the JDS Defendants' business operations in an already sensitive environment for many New York businesses attempting to continue to operate during a global pandemic, and (3) Plaintiff continues to move the target as to its various requests upon the JDS Defendants.

As described in our opposition letter, Plaintiff has failed to provide any case law, much less compelling case law, to demonstrate that funding sources have anything to do with the construction and design, or most importantly would be liable in the instant Fair Housing matter. The fact that Plaintiff seeks the unprecedented clearly demonstrates that its requests are simply not appropriate. In fact, Fair Housing matters have been decided and resolved nationwide without the need to involve funding resources. This supports the JDS Defendants' position that the parties already involved have the authority to address Plaintiff's claims and have done so during the five settlement meetings that have taken place. At best, Plaintiff has demonstrated that there is a genuine issue of material fact as to whether the source of financing should be disclosed.

Plaintiff's request also puts the JDS Defendants' business relationships at risk during a global pandemic that has caused severe economic downturn and an unpredictable economy. Not only are the JDS Defendants' contractually prohibited from naming certain entities involved in funding, however, the JDS Defendants have deep concerns that they will no longer be able to maintain such relationships moving forward. If all investors that are not involved in any way to the construction and design of a project were harassed by plaintiffs in Fair Housing Act matters and were not able to rely upon confidentiality clauses with business partners, no entity would be inclined to invest in real estate, and rightfully so.

July 27, 2020
Page 2

      Plaintiff has continuously moved the goalpost as it relates to its discovery request to the JDS Defendants. There is no dispute that we have met and conferred with Plaintiff's counsel numerous times for the year and a half that this case has been active. During these conferences, the JDS Defendants have continuously compromised and provided as much information, within reason, to Plaintiff. Yet, Plaintiff is perpetually unsatisfied and continues to make further supplemental requests. As of recently, the JDS Defendants timely complied with Your Honor's order to prepare an affidavit and produce supplemental documents. As described in our opposition letter, this supplemental production (comprised of approximately 180 pages) provides Plaintiff with all of the information that it could possibly need on the entities involved in the construction and design of 202 8th Street and the American Copper Buildings, the two properties at issue in the instant matter, and the role each entity may have played. Yet, Plaintiff again wishes to continuously and unnecessarily litigate the issue. Each time the JDS Defendants comply in good faith with the Plaintiff's requests, which are largely oral, Plaintiff turns around and makes even more new requests. Again, this shows a strong inference of Plaintiff's abuse of the discovery process.

      In light of the foregoing, the JDS Defendants request that the issues relating to Plaintiff's letter, Doc. No. 183, requesting a pre-motion conference, and our opposition letter, Doc. No. 187, be formally and fully briefed.

      We thank the Court for its attention in this matter.

Respectfully submitted,

Reshma Khanna

Normally, where a party seeks formal briefing on a discovery dispute, it provides a reason why a letter format did not permit it to fully express its position. This occurs most commonly where there is a legal requirement to justify a privilege objection through affidavits. And the party explains as much in the letter seeking formal briefing. Having read this letter, the Court is unable to discern why formal briefing is required as to plaintiff's application (Docket # 183). The Court imposes no page limitations on its discovery letters. Both parties appear to have fully set forth their positions in their filings (Docket ##183,187). The Court is aware that defendants sought to move for a protective order on the same issue raised in plaintiff's letter. But the proposed motion simply mirrors the defendants' opposition to the plaintiff's application.

Nonetheless, the Court will grant defendants leave to file formal briefing in opposition to plaintiff's application. The Court assumes that plaintiff is content to rely on its letter, and thus defendants should treat it as a notice of motion and memorandum of law in letter form. (If plaintiff prefers to make a formal filing, it should consult with defendants and propose a new schedule). Defendants may oppose the application by means of papers compliant with Local Civil Rule 7.1(b) filed on or before July 30, 2020. Any reply brief from plaintiff shall be filed on or before August 4, 2020. The discovery conference scheduled for July 28, 2020, is canceled. Oral argument on plaintiff's application shall take place on August 6, 2020, at 4:00 p.m. by means of the same call-in system as had been identified for the July 28 conference. So Ordered.
Dated: July 27, 2020

GABRIEL W. GORENSTEIN
United States Magistrate Judge