```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
FAIR HOUSING JUSTICE CENTER, INC.,

                        Plaintiff,

         -against-                                    19 Civ. 1171 (AT)

JDS DEVELOPMENT LLC; 616 FIRST AVENUE LLC;            ORDER
202 8TH LLC; SHOP ARCHITECTS LLP; PROPERTY
MARKETS GROUP, INC.; CETRA/CRI
ARCHITECTURE, PLLC; WERBER MANAGEMENT,
INC.; and 202 PARK SLOPE LLC,

                        Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __8/25/2020__

ANALISA TORRES, District Judge:

In an opinion and order dated March 9, 2020 (the "March Order"), the Court denied a motion brought by Defendants Property Markets Group, Inc. ("PMG") to dismiss Plaintiff, Fair Housing Justice Center Inc.'s, disability discrimination claims under the Fair Housing Act (the "FHA") on statute of limitations grounds. March Order, ECF No. 143. Now before the Court is PMG's motion for reconsideration of that order. ECF No. 147. For the reasons stated below, PMG's motion is DENIED.

## DISCUSSION

### I.  Legal Standard

Motions for reconsideration are governed by Rule 59 of the Federal Rules of Civil Procedure and Local Civil Rule 6.3, and are entrusted to the "sound discretion" of the district court. *Davidson v. Scully*, 172 F. Supp. 2d 458, 462 (S.D.N.Y. 2001) (internal quotation marks and citation omitted). A court may grant a motion for reconsideration "to correct a clear error of law or prevent manifest injustice." *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (internal quotation marks and citation omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

To that end, a party "may not use a motion under Rule 6.3 to advance new facts, issues or arguments not previously presented to the court." *McGee v. Dunn*, 940 F. Supp. 2d 93, 100 (S.D.N.Y. 2013) (internal quotation marks and citation omitted); *see also Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) ("It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." (internal quotation marks and

citation omitted)). The burden rests with the party seeking reconsideration to "demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." *Davis v. Gap, Inc.*, 186 F.R.D. 322, 324 (S.D.N.Y. 1999).

II.     Analysis

In denying PMG's motion to dismiss, the Court held that the FHA limitations period on design-or-construction claims set out in 42 U.S.C. § 3613(a)(1)(A) begins to run when a person protected by the FHA encounters the allegedly unlawful building elements, and thus is subjected to discrimination. March Order at 14. PMG does not seek reconsideration of that holding. PMG Mem. at 2, ECF No. 148.

PMG does argue, however, that the Court erred in applying that holding to Plaintiff, an advocacy organization with a mission of investigating and enforcing compliance with federal, state, and local fair housing laws. *Id.* at 2–3. PMG contends that the injury alleged by Plaintiff is frustration of its mission as a disability advocacy organization, and that Plaintiff experienced that injury as soon as an allegedly inaccessible building was designed or constructed. *Id.* at 3–6. PMG suggests that the limitations period should, therefore, begin to run from the time that Plaintiff knew or should have known that the relevant building was constructed. *Id.* at 4.

PMG raised an identical argument in the reply filed in support of its motion to dismiss. *See* ECF No. 138 at 7–8. The Court considered and rejected it as follows:

> PMG argues that even if the limitations period runs from the date on which a person experiences an injury, Plaintiff's FHA claim against it is still untimely because Plaintiff is an advocacy group, not an individual. Reply at 7–8, ECF No. 138. PMG points to the complaint's allegation that Plaintiff suffered injury because "Defendants' discriminatory practices frustrated and continue to frustrate Plaintiff's mission to ensure that all people have equal access to housing opportunities in the New York City region," Compl. ¶ 55, and caused Plaintiff to divert resources from other projects, *id.* ¶ 66. PMG contends that Plaintiff suffered that injury at the time the [relevant building] was constructed, even if it was unaware of it, and not at the time that its testers visited the building. Reply at 7–8. But this argument confuses the injury that supports Plaintiff's standing to sue with the legal violation that starts the limitations period. Regardless of when Plaintiff's mission became frustrated, there was no relevant "aggrieved person" who was subjected to a "discriminatory housing practice" until the testers visited the [building].

March Order at 15.

PMG does not identify any controlling case law that the Court overlooked in reaching that conclusion, or any reason that the Court's holding would lead to manifest injustice. PMG argues that adopting its rule would align the statute of limitations for FHA design or construction claims with the standard used for other anti-discrimination statutes. PMG Mem. at 4–5. The cases PMG points to stand only for the broad proposition that the limitations period begins to run for an injured party when that party knows, or should have known, of his or her injury. They

2

provide no reason to alter the Court's determination that no FHA injury occurs until a person experiences an inaccessible design or construction element.

## CONCLUSION

Accordingly, PMG's motion for reconsideration is DENIED. The Clerk of Court is directed to terminate the motion at ECF No. 147.

SO ORDERED.

Dated: August 25, 2020
New York, New York

_____
ANALISA TORRES
United States District Judge