# Cuti Hecker Wang LLP

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  1/26/2024

January 25, 2024

**By ECF**

Hon. Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:   *Fair Housing Justice Center, Inc. v. JDS Development LLC et al.*,
            19 Civ. 1171 (AT) (GS)

Your Honor:

      This firm represents Plaintiff Fair Housing Justice Center, Inc. in the above-captioned matter. We write to respond to the letter that Mr. Mehlman filed at 10:33 p.m. last night (ECF 283). We had understood that Your Honor's Individual Practices afforded us five days in which to respond. The undersigned nevertheless was in the process of filing a different version of this letter when we received notification of Your Honor's Orders re-so-ordering the replacement Revised Agreement (ECF 284) and directing the Clerk of the Court to strike the prior version of the Revised Agreement (ECF 285). **For the reasons that follow, we respectfully ask the Court to clarify that its so-ordering of the replacement Revised Agreement is *nunc pro tunc* to November 14, 2023, the date the Court so-ordered the substantively identical original Revised Agreement.**

      We begin by observing that the version of the Revised Agreement that Your Honor so-ordered on November 14, 2023 was expressly approved by defense counsel prior to its submission. At 4:14 p.m. that day, I sent Mr. Mehlman an email attaching a PDF of the same version that was filed, asking for his approval to file that PDF. Six minutes later, Mr. Mehlman's colleague, Pamela Frederick, responded that "[y]ou can submit." I then filed the mutually-approved version. To be sure, neither Ms. Frederick nor I noticed that there was a minor discrepancy between the intended version and the version that I circulated and she approved. But Mr. Mehlman's letter glosses over the fact that his colleague expressly approved the filing, just as they glossed over the same important fact in their letter to Judge Stein (ECF 279).

      It also is important to observe that the difference between the intended version and the filed version is extremely minor and not at all substantive. In the intended version, Defendants were referred to collectively by the defined term "the Copper Defendants." In the version that was filed last November, Defendants were

Case 1:19-cv-01171-AT-GS   Document 287   Filed 01/26/24   Page 2 of 2

FHJC v. JDS Dev. LLC et al.
January 25, 2024
Page 2 of 2

referred to collectively by the defined term "the Black Spruce Defendants." That is the only difference between the two prior versions. Defendants want the as-filed, so-ordered version of the settlement agreement to refer to them as "the Copper Defendants" instead of "the Black Spruce Defendants." That is all that this is about.

Whatever rights Defendants may have to any relief, they slept on them. When this minor error with that defined term was discovered on December 5, 2023, we consulted with the ECF Help Desk regarding how to go about substituting a replacement Revised Agreement, and we assured Mr. Mehlman that we would not oppose any application to swap in a version of the Revised Agreement that contained his preferred defined term for his clients. Mr. Mehlman then waited until January 9, 2024 – more than a month – to bring this issue to Judge Stein's attention. And when Judge Stein swiftly denied relief and directed Defendants to raise this issue with Your Honor, they then waited another two weeks to do so.

Although we do not care whether Defendants are referred to collectively as "the Black Spruce Defendants" or "the Copper Defendants" – nor should they – we are concerned that Defendants may now try to manufacture a possible argument that the Revised Agreement did not become effective when Your Honor so-ordered it on November 14, 2023. Defendants had very significant obligations that ran from Your Honor's so-ordering the Agreement on November 14, 2023: to at last make apartments accessible in ways that they have not been for years. But Paragraph 12 of the Revised Agreement provides that it does not become effective until it is so-ordered. We are concerned that Defendants may try to manipulate the Court's decision to grant their application to evade their obligation to comply with the strict remediation deadlines set forth in the Revised Agreement, most of which have passed, which is the precise issue currently being litigated.

There is no question that the parties intended to be bound, believed they were bound, and were in fact bound by the Revised Agreement on November 14, 2023, nor are Defendants contending otherwise. We therefore respectfully ask the Court to clarify that it has so-ordered the substituted Revised Agreement *nunc pro tunc* to November 14, 2023. For the Court's convenience, we are attaching a version of the Revised Agreement that is identical to the one the Court just so-ordered, except that it makes clear at the end that it is being so-ordered *nunc pro tunc* to November 14, 2023.

We thank the Court for its consideration of this letter.

GRANTED. The revised settlement, ECF No. 284, is so-ordered *nunc pro tunc* to November 14, 2023.

SO ORDERED.

Dated: January 26, 2024
New York, New York

_____
ANALISA TORRES
United States District Judge