Case 1:19-cv-01171-AT-GS   Document 305   Filed 05/20/24   Page 1 of 6

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/20/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

FAIR HOUSING JUSTICE CENTER, INC.

                    Plaintiff,

      v.

AMERICAN COPPER BUILDING LLC;
AH AMERICAN COPPER LLC; and
MS AMERICAN COPPER LLC,

                   Defendants.
------------------------------------------------------------X

Index No. 19 Civ. 1171 (AT) (GS)

**FINAL SETTLEMENT AGREEMENT**

This Final Settlement Agreement (the "Final Agreement") is entered into by, between, and among, on the one hand, Plaintiff Fair Housing Justice Center, Inc. ("FHJC"), and on the other hand, Defendants AMERICAN COPPER BUILDING LLC; AH AMERICAN COPPER LLC; and MS AMERICAN COPPER LLC (collectively, "Defendants") (FHJC and Defendants are referred to herein collectively as the "Parties").

WHEREAS, FHJC and Defendants desire to voluntarily resolve the remaining claims asserted in this action, and agree that the terms of this Final Agreement, as a compromise to avoid protracted expenses and litigation, reflect a full and fair resolution of the disputes between the Parties;

NOW, THEREFORE, it is hereby STIPULATED and AGREED by, between, and among the Parties, and ORDERED, by the Court that all claims in this action are hereby compromised, settled, released, and dismissed upon and subject to the terms of this Final Agreement, as follows:

1. Defendants do not concede fault or liability, and this Final Agreement shall not be construed as an admission or finding of fault or liability.

2. FHJC acknowledges and agrees that, as of the execution of this Final Agreement, all remediations required by the first settlement agreement, so-ordered on March 8, 2021, and the revised settlement agreement, so-ordered on November 14, 2023, have been fully completed by Defendants to FHJC's satisfaction and in compliance with the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*; the New York State Human Rights Law, New York Executive Law § 296 *et seq.*; and the New York City Human Rights Law, New York Administrative Code § 8-107 *et seq.*, and any other applicable local, state and/or federal law and/or regulation.

3. Defendants shall collectively pay FHJC the total sum of two hundred and eighty-five thousand dollars ($285,000.00) (the "Settlement Amount") in full and complete satisfaction of all pending claims in this action, including all claims for attorneys' fees and costs incurred by FHJC. The Settlement Amount shall be paid no later than November 15, 2024 by wire transfer to the attorney IOLTA account of FHJC's counsel (wiring information shall be provided to Defendants' counsel by FHJC's counsel).

4. Defendants agree to comply with the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*; the New York State Human Rights Law, New York Executive Law § 296 *et seq.*; and the New York City Human Rights Law, New York Administrative Code § 8-107 *et seq.*; provided, however, for the avoidance of doubt, that this provision does not require any Defendant to comply with the New York State Human Rights Law outside of New York State or with the New York City Human Rights Law outside of New York City or with the Fair Housing Act outside of the United States, nor does it otherwise require any Defendant to do more than what is required under applicable law.

5. Defendants shall refrain from retaliating against FHJC or its employees or agents.

6. In exchange for adequate consideration, as set forth herein, FHJC, on behalf of itself and its directors, officers, employees, testers, parents, subsidiaries, affiliated entities, successors, assigns, agents, trustees, insurers, owners, and attorneys, fully and forever releases, acquits, and discharges with prejudice, subject to the terms of this Final Agreement, Defendants, and each of their respective joint venturers, joint venture partners, direct and indirect parent companies, direct and indirect subsidiary companies, beneficial owners or indirect beneficial owners, affiliated entities, equityholders or indirect equityholders, lenders, insurers, reinsurers, members, directors, officers, employees, successors, assigns, agents, trustees, attorneys, principals, partners, directors, employees, agents, representatives, officers, heirs, assigns, and successors in interest, from any and all liability, claims, or rights of action, of any kind or nature whatsoever that involve, arise from, or relate to the allegations set forth or described in the Fifth Amended Complaint in this action and/or that could have been raised in this action relating to the American Copper Buildings, whether known or unknown, including all claims for reasonable attorneys' fees and costs; provided however, that the claims being released do not include any claims to enforce any provision of this Final Agreement.

7. Each Defendant, on its own behalf and on behalf of its joint venturers, joint venture partners, direct and indirect parent companies, direct and indirect subsidiary companies, beneficial owners or indirect beneficial owners, affiliated entities, equityholders or indirect equityholders, lenders, insurers, and reinsurers, members, directors, officers, employees, successors, assigns, agents, trustees, and attorneys, principals, partners, directors, employees, agents, representatives, officers, attorneys, heirs, assigns, and successors in interest, fully and forever releases, acquits, and forever discharges with prejudice FHJC and each other Defendant,

together with its directors, officers, employees, testers, parents, subsidiaries, affiliated entities, successors, assigns, agents, trustees, insurers, owners, and attorneys, together with each of their respective joint venturers, joint venture partners, direct and indirect parent companies, direct and indirect subsidiary companies, beneficial owners or indirect beneficial owners, affiliated entities, equityholders or indirect equityholders, lenders, insurers, and reinsurers, members, directors, officers, employees, successors, assigns, agents, trustees, and attorneys, principals, partners, directors, employees, agents, representatives, officers, attorneys, heirs, assigns, and successors in interest, from any and all liability, claims, crossclaims, third-party claims, or rights of action, of any kind or nature that involve, arise from, or relate to the allegations set forth or described in this and/or that could have been raised in this action relating to the American Copper Buildings, whether known or unknown, including all claims for reasonable attorneys' fees and costs; provided however, that the claims being released do not include any claims to enforce any provision of this Final Agreement.

8. Within five (5) days after the payment required by Paragraph 3 above is made, counsel for the Parties shall execute, and counsel for FHJC shall file in this action, the Stipulation and Order of Dismissal that is attached hereto as Exhibit A.

9. If FHJC prevails in any action or on any motion to enforce this Final Agreement before the Court or any other court, FHJC shall be entitled to recover from the affected Defendant(s) all attorneys' fees and costs reasonably incurred in connection with such action or motion.

10. This Final Agreement constitutes the entire agreement between and among the Parties hereto as to the subject matter of this Final Agreement and supersedes all prior agreements and understandings, written or oral, between the Parties with respect thereto.

4

11. Any amendment to, or waiver of, this Final Agreement must be agreed to in writing by each affected Party. No waiver by any Party hereto of any breach by any other Party hereto of any provision of this Final Agreement to be performed by such other Party shall be deemed a waiver of a similar or any other breach or provision at the same or at any prior or subsequent time.

12. This Final Agreement shall be governed by and construed in accordance with the laws of the State of New York (without reference to choice of law doctrine).

13. This Final Agreement may be executed in one or more counterparts (including by electronic transmission), each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same instrument. Signatures by facsimile, pdf, or other electronic imaging shall be deemed to constitute original signatures.

**AGREED TO BY THE PARTIES:**

FOR FAIR HOUSING JUSTICE CENTER, INC., *Plaintiff*:

By: Elizabeth Grossman
Title  Executive Director/General Counsel
Date: 5/16/24

FOR AMERICAN COPPER BUILDING LLC, *Defendant*:

By: Matthew Keller
Title  Authorized Signatory
Date: 5/16/2024

FOR AH AMERICAN COPPER LLC, *Defendant:*

By: Matthew Keller
Title  Authorized Signatory
Date: 5/16/2024


FOR MS AMERICAN COPPER LLC, *Defendant:*

By: Matthew Keller
Title  Authorized Signatory
Date: 5/16/2024


SO ORDERED.

Dated: May 20, 2024
       New York, New York

ANALISA TORRES
United States District Judge

6